June 23, 2026

Via ECF

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Durkacz v. CIBC World Mkts., Inc. et al.*, No. 1:25-cv-10565 (ER) (HJR)

Dear Judge Ramos:

Pursuant to Item 1.A of Your Honor's Individual Practices, we write on behalf of Defendants CIBC World Markets Inc., CIBC World Markets Corp., The Canadian Imperial Bank of Commerce ("CIBC") and RBC Dominion Securities Inc., RBC Capital Markets, LLC, and Royal Bank of Canada ("RBC," together with CIBC, the "Defendants") to advise the Court of Judge Caproni's recent decision in *Genius Group Limited v. Citadel Securities LLC*, No. 25-cv-9546 (S.D.N.Y. June 18, 2026), attached as Exhibit A. *Genius* squarely addresses the question raised here by Quantum Biopharma Limited's ("Quantum") pending Motion for Consolidation of Related Actions and Appointment As Lead Plaintiff ("Motion"):  whether the issuer of a stock should be appointed to represent its own stockholders in a class action lawsuit. *See Durkacz v. CIBC World Mkts., Inc. et al.*, No. 1:25-cv-10565 (S.D.N.Y. 2025), ECF Nos. 32-33, 37-39.  In *Genius*, Judge Caproni answers this question with a resounding <u>no</u>, reasoning that Genius—a penny stock issuer that, like Quantum here, alleges a "spoofing" scheme conducted by defendant brokers-dealers—failed to meet the adequacy and typicality requirements to be lead plaintiff under the Private Securities Litigation Reform Act ("PSLRA") and Federal Rule of Civil Procedure 23 ("Rule 23").  Ex. A at 5.  Judge Caproni also determined that, although it is "rare for defendants to challenge a Lead Plaintiff's appointment," under the circumstances, it was "appropriate" for the defendants there to make that challenge. *Id.* at 10.  The same rationale applies here.  As Defendants explained in their opposition brief (ECF No. 37), Quantum's Motion should be denied for the same reasons.

On January 16, 2026, Genius filed an unprecedented motion in its case seeking to represent a class of its own stockholders in a lawsuit seeking class-wide damages caused by its own stock price declines. *Genius*, ECF No. 27-28.  Although no other entity sought lead plaintiff status, meaning that Genius was the movant with the largest financial interest in the case (*id.* at 1, 5), the defendants in that action opposed Genius's motion as impermissible under the PSLRA.  Judge Caproni agreed with the defendants, concluding that Genius could not satisfy Rule 23's requirements for appointment as lead plaintiff because it could not show that it was "typical or adequate" and therefore should not be lead plaintiff.  Ex. A at 5.  Genius's transactions in its own stock were not typical because it routinely used "its own shares as currency in private transactions

Hon. Edgardo Ramos                                                                                              -2-

with its investors, employees, and other third parties," "issued shares in private transactions at contractually-set prices that differed from those available in the public market," and "disposed of" shares during the Class Period through transactions like "conversions, warrant exercises, option exercises, and merger considerations." *Id*. at 6. These sales were "fundamentally different from sales of Genius stock by other shareholders in the public market." *Id.*

Quantum, which is represented by the same counsel as Genius, and which filed its Motion a month after Genius's motion, is in an indistinguishable position. As Defendants demonstrated in their opposition brief, Quantum also executed atypical transactions "at contractually set prices rather than market prices," including an issuance of approximately 90 million shares of its own stock that diluted its own share price, issuance of warrants at fixed prices, and the establishment of share option plans for directors, officers, and employees—transactions categorically different from public market sales by putative class members. *Durkacz*, ECF No. 37 at 20-22.

Judge Caproni further concluded that Genius was not an adequate lead plaintiff because it faced unique defenses and conflicts that distract from issues common to the Class. Ex. A at 7. For one, Genius is potentially susceptible to unique statute of limitations defenses because it had conducted an independent investigation as early as 2022, meaning it "may have discovered the violations alleged in the Complaint well more than two years prior to filing suit." *Id*. at 7-8. The Court further explained that "Genius's decision to trade despite its belief that its stock was being manipulated" could also subject it to "a unique reliance defense." *Id*. at 8. Taken together, the Court found it likely that Genius would "be subject to unique defenses" especially in light of its unique status as the issuer, "leaving it an inappropriate Lead Plaintiff." *Id*. at 9.

These arguments apply with equal force here. Quantum, like Genius, alleges that it has undertaken substantial efforts over a multi-year period to investigate potentially relevant wrongdoings, hiring consultants and contractors as early as 2021. *Durkacz*, ECF No. 37 at 17. Thus, it is subject to a unique statute of limitations defense. Quantum's distinct position as the issuer also provides it with unparalleled access to data and information, and its decision to trade despite believing its stock was being manipulated subjects it to a unique reliance defense. *Id*. at 18-19. For these reasons—and others set forth in Defendants' opposition, including that Quantum faces unique personal jurisdiction, extraterritoriality, and *forum non conveniens* defenses as a Canadian plaintiff (*see id*. at 18)—Quantum cannot satisfy the adequacy requirement necessary for lead plaintiff appointment.

Because identical questions of typicality and adequacy addressed in *Genius* are present in this case, Defendants respectfully request that the Court here follow Judge Caproni's reasoning and similarly deny Quantum's motion for appointment as lead plaintiff.

Importantly, Judge Caproni declined to reopen the lead plaintiff application process, and instead ordered the action to proceed on behalf of Genius only on an individual basis. *Id.* at 14. Noting that *Genius* "smacks of the sort of lawyer-driven litigation that the PSLRA aims to avoid," Judge Caproni explained that reopening the lead plaintiff appointment process would "set a dangerous precedent" whereby every law firm could put forth "its favored candidate" and, "if that candidate is denied Lead Plaintiff status," allow the law firm to "start[] the process fresh with its second favored candidate." Ex. A at 1, 13.

Hon. Edgardo Ramos                                                      -3-


Should this Court deny Quantum's Motion for appointment as lead plaintiff, the Court should, like Judge Caproni, decline to reopen the lead plaintiff application process for the same reasons. The concerns about lawyer-driven litigation identified in *Genius* are even more present here, where a putative class action was filed by an apparent relative of Quantum's founder and Board co-chairman, who himself made no effort to seek lead plaintiff status. Rather, Quantum immediately moved to appoint itself lead plaintiff. *Durkacz*, ECF No. 37 at 7-8. We respectfully submit that, as the court ruled in *Genius*, this Court should order Quantum to proceed on an individual basis, whether by filing an amended consolidated complaint or proceeding with its complaint in *Quantum v. CIBC et al.*, No. 1:24-cv-07972.


Respectfully Submitted,


/s/ Kevin P. Broughel
Kevin P. Broughel
Brian L. Muldrew
Zoe Lo
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, New York  10020
Telephone:  (212) 940-8800
Facsimile:  (212) 940-8776
kevin.broughel@katten.com
brian.muldrew@katten.com
zoe.lo@katten.com

Charles A. DeVore (admitted *pro hac vice*)
Benjamin Levine (admitted *pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, Illinois  60661
Telephone:  (312) 902-5200
Facsimile:  (312) 902-1061
charles.devore@katten.com
benjamin.levine@katten.com

*Counsel for CIBC World Markets Inc., CIBC World Markets Corp., and The Canadian Imperial Bank of Commerce.*


/s/ Alexander J. Willscher
Alexander J. Willscher
Matthew J. Porpora
Jonathan S. Carter
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
willschera@sullcrom.com
porporam@sullcrom.com
carterjo@sullcrom.com

David N. Whalen (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006
Telephone:  (202) 956-7500
Facsimile:  (202) 293-6330
whalend@sullcrom.com

*Counsel for RBC Dominion Securities Inc., RBC Capital Markets, LLC, and Royal Bank of Canada.*


cc:    All Counsel of Record (via ECF)