Grant & Eisenhofer P.A.

485 Lexington Avenue, 29th Floor, New York, NY 10017 tel: 646.722.8500 fax: 646.722.8501

123 Justison Street
7th Floor
Wilmington, DE 19801
tel: 302.622.7000
fax: 302.622.7100

30 N. LaSalle Street
Suite 2350
Chicago, IL 60602
tel: 312.610.5350
fax: 312.214.0001

2325 Third Street
Suite 329
San Francisco, CA 94107
tel: 415.229.9720
fax: 415.789.4367

3600 Clipper Mill Road
Suite 240
Baltimore, MD 21211
tel: 410.204.1045

5 Christy Drive
Brandywine Two, Suite 200
Chadds Ford, PA 19317
tel: 610.228.7700

www.gelaw.com

Abe Alexander
Principal
+1 (917) 621-3649
aalexander@gelaw.com

October 13, 2026

**VIA ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Durkacz v. CIBC World Mkts., Inc. et al.*, No. 1:25-cv-10565 (ER) (HJR)

Dear Judge Ramos:

We represent Lead Plaintiff Paul J. Durkacz ("Lead Plaintiff") and Quantum Biopharma Ltd. ("Quantum," and together, "Plaintiffs") in the above-captioned action. We write pursuant to Local Rule 37.2 and Your Honor's Individual Practices to request a pre-motion conference regarding Plaintiffs' planned motion pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 37 seeking an order (1) holding that the PSLRA's automatic discovery stay no longer applies to this action in light of this Court's denial of Defendants' motion to dismiss in the "near-identical" Quantum Action, and accordingly compelling Defendants[1] to immediately commence discovery; (2) or, in the alternative, if the Court should find that the PSLRA stay does apply, to lift the stay to allow long-delayed discovery in the Quantum Action to proceed with Lead Plaintiff Durkacz participating in that discovery in order to prevent undue burden and ensure that the judicial efficiency intended by this Court's September 30, 2026 order consolidating the two related cases is not lost.

**A. The PSLRA's Automatic Discovery Stay No Longer Applies To This Action**

Lead Plaintiff filed this class action on December 29, 2025, alleging that Defendants engaged in a fraudulent "spoofing" scheme that artificially deflated the price of Quantum stock and caused significant losses to investors. Over a year prior, on October 20, 2024, Quantum brought an individual action alleging virtually identical claims (the "Quantum Action").

[1]"Defendants" refers to CIBC World Markets, Inc., CIBC World Markets Corp., RBC Dominion Securities, Inc., RBC Capital Markets, LLC, the Canadian Imperial Bank of Commerce, and the Royal Bank of Canada.

Accordingly, on September 30, 2026, this Court issued an order consolidating the two actions based on its findings that "the complaints include near-identical allegations," "recite similar or identical statements about Defendants' alleged spoofing scheme," and "plead the same three claims—violations of Section 9 and 10(b) of the Securities Exchange Act of 1934 ('the Exchange Act') and SEC Rule 10b-5." ECF No. 44 (the "Consolidation Order") at 10-11.

As this Court is aware, prior to the Consolidation Order, Defendants moved to dismiss the Quantum Action on the grounds that (1) this Court lacked jurisdiction; (2) the claims were time-barred; (2) the complaint failed to allege Defendants engaged in manipulation in violation of the Exchange Act; (3) the complaint failed to plead a strong inference of scienter; and (4) the complaint failed to plead loss causation. On March 30, 2026, this Court denied that motion, declining to dismiss the Quantum Action on jurisdictional or time-barred grounds, and finding that the Exchange Act claims were adequately pleaded—including by expressly rejecting Defendants' arguments that the complaint failed to adequately plead scienter and loss causation.[2] Quantum Dkt., ECF No. 46.

Defendants now intend to file a *second* motion to dismiss the "near-identical" claims alleged in this action, and have refused to commence discovery (including a refusal to engage in even basic discovery planning pursuant to Fed. R. Civ. P. 26(f)) based on their contention that the PSLRA mandates an automatic discovery stay "during the pendency of *any* motion to dismiss"—a proposition expressly rejected by this Court in *In re Saloman Analyst Litigation*, 373 F. Supp. 2d 252 (S.D.NY. 2005) ("[D]efendants' assertion that 'the law is well established that successive motions [to dismiss] [] *do* stay discovery under the PSLRA' is, to say the least, overstated."). As the Court in *Saloman* observed, "[t]he purpose of the [PSLRA] stay is to prevent abusive, extensive discovery in frivolous lawsuits by postponing discovery until after the Court has sustained the legal sufficiency of the complaint." *Id.* 254. Accordingly, "[i]n a case where," as here, "the court already *has* sustained the legal sufficiency of the complaint," the purpose behind the PSLRA "has been served"—and "[t]o permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would invite abuse." *Id.* 254-55 (emphasis in original).[3]

That is precisely what Defendants seek to do here. Indeed, Plaintiffs specifically asked Defendants what additional or different grounds they had to file a second motion to dismiss the same claims this Court already sustained in the Quantum Action. In response, Defendants claimed their motion was warranted because the allegations in this action are purportedly "materially different" from the allegations in the Quantum Action, "especially as to loss causation." However,

---

[2] The Court granted Defendants' motion in part, finding that Quantum's common law fraud claims were not adequately pleaded. Lead Plaintiff Durkacz did not bring those dismissed claims in its later-filed class action.

[3] The cases Defendants cite to support their position, *In re Smith Barney Transfer Agent Litig.*, 2012 WL 1438241 (S.D.N.Y. Apr. 25, 2012) and *Lian v. Tuya Inc.*, 2024 WL 1932623, at *2 (S.D.N.Y. May 2, 2024), are inapposite. In *Smith*, the court reinstated the PSLRA discovery stay upon discovering the lead plaintiff "had not purchased any of the funds at issue in the case"—the new lead plaintiff there sought to lift the stay to conduct limited discovery based on fears that critical evidence would be destroyed, which the Court permitted in part. In *Lian*, the defendant sought to bring a Rule 12(c) motion after its Rule 12(b)(6) motion was denied. The court held that the potential for abuse warned of in *Saloman* was not present because "the pending 12(c) motion 'advances legal arguments that the Court had not considered when ruling on the prior-filed motion to dismiss"—which Defendants are unable to point to here.

not only have Defendants failed to provide any explanation as to why the two actions are "materially different," this Court already unequivocally rejected that argument in the Consolidation Order—in which it expressly found that the allegations in the two complaints are "near-identical."

Defendants' motion therefore effectively amounts to an improper attempt to file a motion for reconsideration of this Court's prior order denying their motion to dismiss in the Quantum Action, without having to satisfy the far heavier burden those motions carry. Indeed, such motions not only do not trigger the PSLRA's automatic discovery stay[4], they are granted only in rare circumstances where the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)—none of which Defendants can identify here.[5]

**B. Even If The PSLRA Stay Applies, It Should Be Lifted To Allow Discovery In The Quantum Action To Proceed—With Lead Plaintiff Participating In That Discovery**

Even if this Court were to find that the PSLRA stay does apply, the stay should be lifted to allow discovery in the Quantum Action to proceed and to allow Lead Plaintiff to participate in that discovery. "[C]ourts have modified the discovery stay in securities class actions when doing so would not frustrate Congress's purpose in enacting the PSLRA," and where "undue burden would exist," including due to case management concerns "and the effect of delay." *In re Bank of America Corp. Sec. Litig.*, 2009 WL 4796169, at *2 (S.D.N.Y. Nov. 16, 2006).

The Quantum Action, which survived Defendants' motion to dismiss, has already been pending for two years—further delay "will impede the just and speedy administration" of that case. *Hicksville Water Dist. v. Jerry Spiegel Assocs., Inc.*, 2022 WL 4072683, at *4 (E.D.N.Y. Sept. 2, 2022). Discovery in that action should therefore proceed, and Lead Plaintiff Durkacz should be permitted to participate in that discovery, as to hold otherwise would defeat the "interests of judicial economy" intended by this Court's Consolidation Order. ECF No. 44 at 11. Indeed, Lead Plaintiff "would be unduly prejudiced if the discovery stay is not lifted" where "[d]iscovery is moving apace in a parallel litigation," as Lead Plaintiff would be left "less able to make informed decisions about litigation strategy" and this action will "fall substantially behind" the "near-identical" Quantum Action—defeating the purpose of consolidation. *See Bank of America*, 2009 WL 4796169, at *3. Moreover, lifting the stay in this manner "would not frustrate Congress's purpose in enacting the PSLRA," *id.* at *2—as set forth above, where, as here, the Court has already "sustained the legal sufficiency of the complaint," the purpose behind the PSLRA "has been served." *Saloman*, 373 F. Supp. 2d at 254-55.

---

4 *See Sharma v. Rent the Runway, Inc.*, 2025 WL 1425583 (E.D.N.Y. May 16, 2025) (PSLRA's mandatory stay not applicable to motion for reconsideration).

5 For example, in *Saloman*, while the Court ultimately decided to stay discovery in that case, it did so only because the basis for defendants' second motion to dismiss was the Second Circuit's newly issued decision in *Lentell v. Merrill Lynch & Co.*, 396 F3d 161 (2d Cir. 2005), which "elaborated and clarified the Circuit's case law with respect to loss causation"—*i.e.*, an intervening change of controlling law that is clearly not present here.

Respectfully submitted,

*/s/ Abe Alexander*
Abe Alexander

cc: All Counsel of Record via ECF